**REPLY MEMORANDUM OF PLAINTIFF STEVEN GOLDSTEIN
IN SUPPORT OF HIS MOTION FOR CONSOLIDATION AND
OTHER RELIEF**

| | |
|---|---|
| STEVEN GOLDSTEIN, on Behalf of Himself and a Class of Persons Similarly Situated,<br><br>      Plaintiff,<br><br>    v.<br><br>CITIGROUP INC., et. al,<br><br>      Defendants. | Civil Action No: 07 Civ. 11158 (SHS) (DCF) |
| STEVEN GRAY, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>CITIGROUP INC., et. al,<br><br>      Defendants. | Civil Action No: 07 Civ. 9790 (SHS) (DCF) |
| SHAUN ROSE, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>CITIGROUP INC., et. al,<br>      Defendants. | Civil Action No: 07 Civ. 10294 (SHS) |
| MEREDITH TRANSBERG, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>CITIGROUP INC., et. al,<br><br>      Defendants. | Civil Action No: 07 Civ.10341 (SHS) |

| | |
|---|---|
| ANTON RAPPOLD, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>          v.<br><br>CITIGROUP INC., et. al,<br><br>                    Defendants. | Civil Action No: 07 Civ.10396 (SHS) |
| SAMIER TADROS, On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITIGROUP INC., et. al,<br>                    Defendants. | Civil Action No: 07 Civ.10442 (SHS) |
| STEPHAN FIORINO, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>          v.<br><br>CITIGROUP INC., et. al,<br><br>                    Defendants. | Civil Action No: 07 Civ.10458 (SHS) |
| JAMES BOLLA, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>          v.<br><br>CITIGROUP INC., et. al,<br><br>                    Defendants. | Civil Action No: 07 Civ.10461 (SHS) |

| | |
|---|---|
| MARK GEROULO, individually on behalf of the CITIGROUP 401(k) Plan, the CITIBUILDER (k) PLAN FOR PUERTO RICO, and all others similarly<br><br>                              Plaintiff,<br><br>CITIGROUP INC., et. al,<br><br>                              Defendants. | Civil Action No: 07 Civ.10472 (SHS) |

**REPLY MEMORANDUM OF PLAINTIFF STEVEN GOLDSTEIN IN SUPPORT OF HIS MOTION FOR CONSOLIDATION AND OTHER RELIEF**

Plaintiff Goldstein submits this reply paper in support of his motion for appointments (the moving plaintiffs being in agreement that all of the related ERISA cases against Citigroup should be consolidated).

1.     As to the lead plaintiff issue, Goldstein has provided information regarding his employment history with Citigroup, the time periods in which he participated in Citigroup's 401(k) plan, his approximate 401(k) account loss relating to Citigroup stock and the fact that his exit from Citigroup did not involve any severance or release issues.  The Gray Plaintiffs and Rose Plaintiffs have only provided loss information; neither group has provided much in the way of background or identifying information about the individuals who are seeking to be appointed lead plaintiffs in this case.  Goldstein's showing supports his appointment request.

2.     With respect to investment loss, the Gray Plaintiffs state that they "collectively own" approximately 9,500 shares of Citigroup stock at that "they lost" about $275,000 (Kelly-Kowlowitz Declaration at para 4).  While this collective loss is greater than Goldstein's individual loss the Gray Plaintiffs simply assume that this greater loss, spread over three individuals in some unspecified proportion, will provide each of the three Gray Plaintiffs with greater motivation to prosecute this case than Goldstein's

- 1 -

substantial individual loss. This unsupported assumption does not warrant granting the Gray Plaintiffs' motion. Also, this is not a PSLRA case, and the "greater financial interest" and aggregation principles applicable to PSLRA cases do not apply here. Based on the movants' respective showings Goldstein should be appointed at least one of the lead plaintiffs, and he continues to press his motion for sole appointment.

    3. With respect to the appointment of interim lead counsel, the several law firms seeking appointment have placed before the Court their credentials and experience (as well as their work product in this case as discussed below). While it may be that the Court will have to choose, from the firm resumes, which firm(s) shall lead, Goldstein and his counsel, Stull, Stull & Brody, wish to make several points.

    A. Stull, Stull & Brody has referred to its representation in an ERISA class action before this Court, *Fisher v. J.P. Morgan,* as part of its showing of relevant experience. The Gray Plaintiffs say this is "perplexing" because "[l]osing one ERISA action at summary judgment does not appear the strongest argument for appointment as interim lead counsel here." Gray Plaintiffs January 4, 2008 Memorandum at 6-7. That this Court decided against the plaintiffs in *Fisher* as to the applicability of Section 502(a)(2), however, does not support any inference that the lawyering in that case was subpar or would not provide excellent representation to the class in this case if duplicated in this case. Indeed, the Court's published summary judgment opinion in *Fisher* acknowledges that certain of the then-leading authorities interpreting Section 502(a)(2), and the principles advanced by these authorities, were briefed by Stull to the Court in *Fisher* at the summary judgment stage[1] and, indeed, a year earlier, at the class

---

[1] "Plaintiffs respond that the Court's prior ruling in this regard is erroneous in the light of (1)*In re Schering-Plough Corp. ERISA Litig.,* 420 F.3d 231, 232, (3d Cir. 2005) in which the U.S. Court of Appeals for the Third Circuit held that plaintiffs may bring claims for breach of

- 2 -

certification stage.[2] This Court considered and rejected the cited authorities and their reasoning but that does not mean that the lawyering was subpar. The *Fisher* case (as well as the AOL Time Warner ERISA Litigation before Judge Kram) was cited by Stull, and it still relied upon by Stull, as part of the overall showing that this firm has years of experience in the legal research, briefing, litigation and settlement of class actions alleging the imprudent investment of 401(k) plan assets and the deception of plan participants.[3]

    B.  Both the Gray Plaintiffs and the Rose Plaintiffs contend that their complaints are superior to Goldstein's complaint, but the record does not support that. Leaving aside that the existing complaints will not be the operative pleadings going forward and that the statutory production of plan-related documents by Citigroup pursuant to ERISA Section 104 will have a major impact on the consolidated pleading, each of the movant's current pleadings make essentially the same claims on behalf of the same plans and class against the same defendants. The Rose Plaintiffs' specific

---

    fiduciary pursuant of section 502(a)(2) even " the alleged fiduciary violations affected only a subset of the saving plan's participants'"(2) a recent decision by the U.S. Court of Appeals for the Fifth Circuit vacating *Milofsky v. Am. Airlines, Inc.,* 404 F.3d 388(5th Cir. 2005), a case relied upon by this Court in its prior ruling; and (3) an amicus brief filed by the U.S. Department of Labor in *Milosky* asserting that plaintiffs should have standing to pursue ERISA claims even if recovery would be allocated to the individual accounts as opposed to the plan as a whole.

    Plaintiffs' arguments are unpersuasive. …"

*Fisher v. J.P. Morgan Chase & Co,*03 Civ 3252 (SHS) 2006 U.S. Dist. LEXIS 71850 *11-12 (S.D.N.Y. September 29, 2006)

[2] *See* Plaintiffs Reply Memorandum of Law in Support of Their Motion for Class Certification (Docket No. 29) in *Fisher,* dated June 10, 2005 and entered on June 13, 2005, at page 2:
  "Under ERISA §409, §29 U.S.C. §1109, fiduciaries are liable for "any losses to the plan," not just plan losses that affect all of the plan's participants, as the cases recognized." [Citations omitted]

[3] In *LaRue v. DeWolff,* No. 06-856, the Supreme Court, on June 18, 2007, granted certiorari on the two subjects of the summary judgment opinion in *Fisher,* the scope of Section 502(a)(2) and the relief available under Section 502(a)(3).

criticisms, that Goldstein's complaint does not even allege "the existence of the Citigroup Common Stock Fund," and that the Goldstein complaint does not name as a defendant the "Investment Committee," are not well taken.  The Goldstein complaint does reference the Citigroup Common Stock Fund (at paras 12, 24 (a), 24 (d) and 50), and the Goldstein complaint sues the "Administrative Committee."  The Administrative Committee is certainly a proper defendant because the KPMG Report of Independent Registered Public Accounting Firm attached to the Plans' 2007 Form 11-K Annual Reports are directed to that entity.  Whether Citigroup's upcoming Section 104 document production will support also naming the Investment Committee hardly means that Goldstein's present complaint has deprived the class of a basis for complete recovery.

        C.        The Gray Plaintiffs contend that they have greater resources than Stull, Stull & Brody.  While "resources" in this context is difficult to quantify, the Harwood firm has fewer attorneys than Stull and Wolf Popper has only four more (and, as previously noted, the Wolf Popper practice areas are primarily securities litigation and other non-ERISA subject areas).  Stull does not claim that the Harwood and Wolf Popper firms lack adequate resources to vigorously prosecute this case.  Stull, however, also has more than adequate resources.

        D.        Finally, the Gray Plaintiffs' argument that their chosen counsel "have the support of the vast majority of other Plaintiffs and their counsel" (January 4, 2008 Memorandum at page 23) provides absolutely no basis for the appointment of the Harwood and Wolf Popper firms.  They offer no authority for the proposition that the support of other named plaintiffs, or other plaintiffs' counsel, is relevant.  They offer no facts or evidence that by their support the supporting attorneys are making a "peer … evaluation of the expertise and effectiveness of counsel (January 4, 2008 Memorandum at

23), either in absolute or relative terms.  It is, moreover, a bit naïve to believe that none of the supporting plaintiffs and none of the supporting attorneys have any expectation of receiving something (such as, for example, an assignment in this case or the receipt of corresponding support in another case) in consideration for the cited support.  The "support" argument for the appointment of lead counsel which had been made in this case should be rejected by the Court.

Dated: January 10, 2008

                                              STULL, STULL & BRODY

                                              s/ Edwin J. Mills
                                              Edwin J. Mills (EM-7117)
                                              Howard T. Longman
                                              Michael J. Klein
                                              6 East 45th Street
                                              New York, New York 10017
                                              Telephone: (212) 687-7230
                                              Fax: (212) 490-2022

                                              *Attorneys for Plaintiff Steven Goldstein*